

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 4, 1968

Hon. Henry Wade
District Attorney, Dallas County
Dallas County Government Center
Dallas, Texas 75202

Opinion No. M-176

Re: Whether the driving
into a service station
by a person, who may or
may not make a purchase
and who is given a free
card which is distributed
by the station entitling
the holder to win a
prize, if by chance he
thereby becomes a
recipient of a similar
card, constitutes a
consideration for the
prize, so as to be in vio-
lation of the lottery
statute, Article 654,
Vernon's Penal Code.

Dear Sir:

Your opinion request on the above captioned subject,
refers to the memorandum brief attached thereto for a de-
tailed description of the questioned "give away" plans used
by various oil companies. It is stated in such brief that
the plans used by the various companies are substantially
the same and the "dino dollars" plan is presented as an
example of the other plans used in Texas. This example is
as follows:

> "When a customer comes into a Sinclair
> station, he is furnished a "Dino Dollars" card.
> The bottom half of the card has to be rubbed
> gently with a coin in order to be read. Each
> card will give a dollar amount along with the
> statement, "Drive With Care". Any customer
> or person who gets two cards which contain
> the same dollar amount and which complete
> the other half of the slogan, "And Buy Sinclair",
> is paid the face amount shown on the cards.
> The cards are not distributed at any location
> other than at Sinclair stations. It is not
> necessary for the customer to make a purchase
> to get a card."

It is settled in this state that three elements are essential to constitute a lottery within the purview of Article 654, Vernon's Penal Code, viz:

(1) A prize or prizes.
(2) An award or distribution of a prize or prizes by chance, and
(3) Payment, either directly or indirectly, by participants of a consideration for the right or privilege of participating.

The authorities have heretofore been cited and reviewed by this office in Attorney General's Opinion C-619 (1966) and it is not necessary to repeat them here. In most schemes or programs of the type here presented, the first two elements of a lottery, are normally present, and the paramount question usually presented is the determination of the third element, i.e., whether there is payment by the participants of consideration, either directly or indirectly, for the right or privilege of participating. In view of the language of the opinion in Brice v. State, 242 S.W.2d 433 (Tex.Crim. 1951), and Attorney General's Opinion M-67, it seems clear that any such program providing that anyone may participate without the necessity of a purchase, and given reasonable opportunity to register or otherwise become eligible, does not constitute a lottery as that term is defined in Article 654.

Since these cards are available at each of the participating stations without charge, it is our opinion that the reasoning in Brice v. State, supra, applies and that the plans as submitted are not lotteries.

## SUMMARY

The "give away" plans used by oil companies in distributing free cards from their service stations entitling the holder to win a prize, conducted in accordance with the facts stated, do not constitute lotteries within the purview of Article 654, Vernon's Penal Code.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Henry Wade, page 3, (M-176)


Prepared by R. L. (Bob) Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Robert Owen
Malcolm Quick
Larry Craddock

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.